﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190917-32549
DATE: June 30, 2020

REMANDED

Service connection for hearing loss is remanded.

Service connection for tinnitus is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from November 1956 to November 1958. 

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. 

Under the new AMA framework, the Veteran appealed the September 2019 rating decision to the Board request a hearing. See Notice of Disagreement VA Form 10182. In February 2020, the Veteran testified at a Board hearing via videoconference before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the record. 

Hearing Loss and Tinnitus

The Veteran was afforded a VA hearing loss and tinnitus examination in September 2019. Although the examiner indicated that the Veteran had sensorineural hearing loss, the examiner opined that hearing loss was less likely as not caused by or a result of noise exposure in military service. The rationale provided was “there were no documented complaints of hearing loss in the veteran’s service medical records. When comparing entrance and separation audiograms found in the veteran’s service medical records, there were no significant hearing threshold shifts between entrance and separation. The veteran’s hearing was within normal limits at the time of separation.” 

The Board notes, however, that the Court of Appeals for Veterans Claims held in Hensley v. Brown, 5 Vet. App. 155, 157 (1993), that normal hearing at separation from service does not by itself preclude an award of service connection. 

Additionally, at his Board hearing, the Veteran presented testimony describing the participating in rifle range exercises in ROTC, which is prior to active duty, and describing conditions during his service as a “combat engineer battalion” at Fort Hood, Texas where he was a range officer exposed to loud noises on the range, next to tanks without hearing protection. See Hearing Transcript at 4. Thereafter, he was transferred to an “engineer construction battalion” on construction projects with no ear protection. Id. at 5. 

The record also shows research articles submitted by the Veteran in support of his claim, which should also be considered. 

Given the holding in Hensley, additional testimony and evidence, the Board concludes that an addendum opinion should be obtained in consideration of the foregoing.

The matters are REMANDED for the following action:

1. Arrange for the examiner who conducted the September 2019 VA hearing loss and tinnitus examination to provide an addendum opinion. If the examiner is not available, the request may be referred to another, equally qualified medical professional, who must independently review the electronic claims folder. If the reviewer determines that additional examination of the Veteran is necessary to provide a reliable opinion, such examination should be scheduled. 

The examiner should opine whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran’s bilateral hearing loss is etiologically related to the Veteran’s period of active service?

(Continued on the next page)

 

The examiner should be aware that normal hearing at discharge does not necessarily preclude service connection. The provided examination opinion should reflect consideration of the medical and lay evidence of record setting forth a complete rationale for all findings and conclusions. 

2. Upon completion of the requested development and any additional development deemed appropriate, adjudicate the claims on appeal. If the determination remains unfavorable to the Veteran and his representative should be furnished a supplemental statement of the case which addresses all relevant evidence. The Veteran and his representative should be afforded the applicable time period in which to respond. Then, return the case to the Board.

 

 

KELLI A. KORDICH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. A., Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.